UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NATHAN MEDINA, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>COUNTY OF MONTEREY, et al.,<br><br>　　　　Defendants. | Case No. 24-cv-00053-BLF<br><br>**ORDER GRANTING ADMINISTRATIVE MOTIONS FOR LEAVE TO FILE SETTLEMENT PETITIONS UNDER SEAL**<br><br>[Re: ECF No. 31, 32] |

Before the Court are Plaintiffs' administrative motions for leave to file the settlement petitions of minors M.M. and N.M. under seal. ECF Nos. 31, 32. No party has filed an opposition to the motions. For the reasons stated below, the Court GRANTS the motions.

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097.

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5. That rule requires, inter alia, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive

1  alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1).  Further, Civil Local Rule 79-5

2  requires the moving party to provide "evidentiary support from declarations where necessary."

3  Civ. L.R. 79-5(c)(2).  And the proposed order must be "narrowly tailored to seal only the sealable

4  material."  Civ. L.R. 79-5(c)(3).

## II.  DISCUSSION

Because a settlement is "more than tangentially related to the underlying cause of action," the Court will apply the "compelling reasons" standard.  *See Ctr. For Auto Safety*, 809 F.3d at 1099; *see also Patino v. Cnty. of Merced*, No. 118CV01468AWISAB, 2020 WL 8617417, at *2 (E.D. Cal. Sept. 11, 2020) (applying the compelling reasons standard to a request to seal a settlement petition of a minor plaintiff)

### A.  Plaintiffs' Administrative Motion Requesting Leave to File Settlement Petition of Minor Plaintiff M.M. Under Seal (ECF No. 31)

Plaintiffs filed an administrative motion for leave to file under seal the settlement petition of M.M., a declaration and exhibits in support of the petition, and the proposed order.  *See* ECF No. 31.  The Court initially denied without prejudice Plaintiffs' motion because it was not narrowly tailored.  *See* ECF No. 27.  Plaintiffs now seek to seal only the settlement amounts paid by Defendant Wellpath, LLC.  *See* ECF No. 31 at 2.  Plaintiffs state that confidentiality is an essential condition of the settlement, that there is limited public interest in the settlement amount because this is a settlement between individuals, and that sealing the amounts will protect the financial interests of the minor child from ill-intended solicitations.  *See id.* at 3.  No party has filed an opposition to Plaintiffs' motion.

The Court first notes that the fact that the parties have agreed to keep information confidential is not a compelling reason to seal court records.  *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1138 (9th Cir. 2003); *Patino*, 2020 WL 8617417, at *2; *but see Vuz v. DCSS III, Inc.*, No. 320CV00246GPCAGS, 2021 WL 9406129, at *2 (S.D. Cal. June 16, 2021) (finding good cause to seal settlement amounts where confidentiality of the settlement amount was a negotiated term of the agreement).  However, other courts in this district have found compelling reasons to seal settlement amounts in individual settlements, especially where those settlements

involve minors. *See, e.g.*, *Huff v. Thousandshores, Inc.*, No. 21-CV-02173-HSG, 2022 WL 547109, at *3 (N.D. Cal. Jan. 5, 2022) (finding compelling reasons to seal a settlement amount in an agreement involving a minor); *Hummel v. Bimbo Bakeries USA, Inc.*, No. 14-CV-03683-JSC, 2015 WL 13738406, at *3 (N.D. Cal. Sept. 21, 2015) (finding compelling for sealing a settlement amount in an individual, as opposed to collective, settlement under the FLSA).

Under the circumstances of this case, the Court finds compelling reasons to seal the settlement amounts based on the redactions proposed by Plaintiffs because the settlement amounts are highly sensitive and sealing them will protect the interests of the parties, especially the minor plaintiff. The Court further finds that the proposed redactions are "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

The Court rules as follows:

| ECF No. | Document | Portions to Seal | Ruling |
|---|---|---|---|
| 31-4 | Revised Petition of Approval of Minor's Settlement M.M. | Redactions Proposed at ECF No. 31-3 | GRANTED as containing highly sensitive information, the release of which could cause a party harm. |
| 31-7 | Revised Declaration of JGG re Petition of Approval of Minor's Settlement M.M. | Redactions Proposed at ECF No. 31-6 | GRANTED as containing highly sensitive information, the release of which could cause a party harm. |
| 31-9 | Revised Proposed Order re Petition of Approval of Minor's Settlement M.M. | Redactions Proposed at ECF No. 31-8 | GRANTED as containing highly sensitive information, the release of which could cause a party harm. |

**B.     Plaintiffs' Administrative Motion Requesting Leave to File Settlement Petition of Minor Plaintiff N.M. Under Seal (ECF No. 32)**

Plaintiffs filed an administrative motion for leave to file under seal the settlement petition of N.M., a declaration and exhibits in support of the petition, and the proposed order. *See* ECF No. 32. The Court initially denied without prejudice Plaintiffs' motion because it was not narrowly tailored. *See* ECF No. 27. Plaintiffs now seek to seal only the settlement amounts paid by Wellpath. *See* ECF No. 32 at 2. Plaintiffs state that confidentiality is an essential condition of the settlement, that there is limited public interest in the settlement amount because this is a settlement between individuals, and that sealing the amounts will protect the financial interests of

the minor children from ill-intended solicitations. *See id.* at 3. No party has filed an opposition to Plaintiffs' motion.

As stated above, compelling reasons exist to seal settlement amounts in individual settlements, especially where those settlements involve minors. *See, e.g.*, *Huff*, 2022 WL 547109, at *3 (finding compelling reasons to seal a settlement amount in an agreement involving a minor); *Hummel*, 2015 WL 13738406, at *3 (finding compelling for sealing a settlement amount in an individual, as opposed to collective, settlement under the FLSA).

Under the circumstances of this case, the Court finds compelling reasons to seal the settlement amounts based on the redactions proposed by Plaintiffs because the settlement amounts are highly sensitive and sealing them will protect the interests of the parties, especially the minor plaintiff. The Court further finds that the proposed redactions are "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

The Court rules as follows:

| ECF No. | Document | Portions to Seal | Ruling |
| --- | --- | --- | --- |
| 32-4 | Revised Petition of Approval of Minor's Settlement N.M. | Redactions Proposed at ECF No. 32-3 | GRANTED as containing highly sensitive information, the release of which could cause a party harm. |
| 32-7 | Revised Declaration of JGG re Petition of Approval of Minor's Settlement N.M. | Redactions Proposed at ECF No. 32-6 | GRANTED as containing highly sensitive information, the release of which could cause a party harm. |
| 32-9 | Revised Proposed Order re Petition of Approval of Minor's Settlement N.M. | Redactions Proposed at ECF No. 32-8 | GRANTED as containing highly sensitive information, the release of which could cause a party harm. |

## III. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiffs' Administrative Motion Requesting Leave to File Settlement Petition of Minor Plaintiff M.M. Under Seal (ECF No. 31) is GRANTED.

2. Plaintiffs' Administrative Motion Requesting Leave to File Settlement Petition of Minor Plaintiff N.M. Under Seal (ECF No. 32) is GRANTED.

3. Plaintiffs SHALL file the sealed petitions for approval of settlement within 7 days

4

1  of the date of this Order.

3  Dated: April 16, 2024

_____
BETH LABSON FREEMAN
United States District Judge